(C.D. 3826)

BRODERICK & BASCOM ROPE CO. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided May 21, 1969)

*Bryan, Cave, McPheeters & McRoberts* (*William D. Crampton*, of counsel) for the plaintiff.
*William D. Ruckelshaus*, Assistant Attorney General (*Arthur H. Steinberg* and *Andrew P. Vance*, trial attorneys), for the defendant.

Before RAO, FORD, and RICHARDSON, Judges

RICHARDSON, Judge : Upon call of the instant protest on the calendar at St. Louis, Mo., defendant's attorney moved for a dismissal of the protest on the ground of legal insufficiency. And after oral argument and submission of documentary evidence on the motion before the trial court and the subsequent submission of briefs on the issue raised by the motion the case is before this division of the court as specially constituted on the sole question as to the legal sufficiency of the protest herein. The relevant portions of the text of the protest at bar read as follows :

March 20, 1965

Collector of Customs
610 South Canal Street
Chicago, Illinois 60607

In re: Protest to action<br>taken with respect<br>to Entry No. 7692<br>(September 18, 1963)

Dear Sir :

Pursuant to the provisions of § 514, Tariff Act of 1930 and 19 C.F.R. § 17.1, this letter is filed in protest against the action of

your office in classifying the above named entry at a 15 per cent rate under paragraph 372.1400. A power of attorney (Form 5295) is enclosed.

\* \* \* \* \* \* \*

In a previous protest filed on behalf of the importer on June 13, 1964 we enclosed copies of our submissions to the Bureau in Washington dated May 1, 1964 and June 10, 1964 requesting a ruling concerning the proper classification of wire rope machinery, including the type of machinery (a strander) here involved. We requested that that protest be held in abeyance pending receipt of our ruling from Washington. Similarly we have requested the New York Collector's Office to hold in abeyance a protest filed there with respect to another importation of wire rope machinery by the protestant, and that office has agreed to do so. We make the same request here. A responsive ruling is expected shortly from Washington, after which we believe this matter can be disposed of in due course.

\* \* \* \* \* \* \*

Plaintiff's counsel concedes that the text of the protest above noted is insufficient in and of itself to constitute a protest within the meaning of 19 U.S.C.A., section 1514 (section 514, Tariff Act of 1930, as amended). Counsel contends, however, that certain documentation is incorporated in the protest by reference, and that the protest as augmented by such documentation is legally sufficient within the meaning of section 1514. Defendant contends that the collateral documentation relied upon by plaintiff to sustain the protest has not been incorporated in the protest by reference.

Section 1514 provides in relevant part as follows:

. . . all decisions of the collector . . . shall . . . be final and conclusive upon all persons . . . unless the importer, consignee . . . shall . . . file a protest in writing with the collector setting forth distinctly and specifically, and in respect to each entry, payment, claim, decision, or refusal, the reasons for the objection thereto. . . .

And 19 U.S.C.A., section 1515 (section 515, Tariff Act of 1930) provides in relevant part as follows:

Upon the filing of such protest the collector shall within ninety days thereafter review his decision . . . .

The collateral documentation claimed by plaintiff to be incorporated in the protest at bar consists of copies of two letters dated May 1, 1964 and June 10, 1964, respectively, written by plaintiff's attorney and addressed to the Bureau of Customs in Washington, D.C. (plaintiff's exhibits 3 and 2, respectively). Exhibit 3, dated May 1, 1964, comprises 10 pages of what is in essence a brief urging the Customs Bureau to issue a ruling which changes the classification of certain wire rope manufacturing machinery imported by plaintiff and identified as a strander, a closer, and a braider, from the provision for

machine tools to the provision for machines not specially provided for and parts thereof under item 678.50 of the tariff schedules, and also urging the Bureau to hold a conference on the matter in the event a ruling unfavorable to the plaintiff is issued. And exhibit 2, dated June 10, 1964, comprising 4 pages, modifies the ruling sought of the Bureau by plaintiff to the extent of urging classification of said wire rope manufacturing machinery under item 670.90 of the tariff schedules as cordage machines and parts thereof. Copies of exhibits 2 and 3 were given to the collector at Chicago in a prior protest, dated June 13, 1964, filed there by plaintiff and covering a braider. Said prior protest is worded essentially the same as the instant protest and requested the same relief of the collector as does the protest at bar.

There is no question about the fact that exhibits 2 and 3 are not connected *in fact* to the protest at bar. Are they connected to the instant protest *in law?*

We do not think it is necessary, on the facts of this case, for us to determine whether exhibits 2 and 3 are connected to the protest herein *in law*. For even if the doctrine of incorporation by reference as developed in the cases to which our attention has been called by counsel be applied in the instant case most favorably to the plaintiff, we would still be obliged to adjudge the protest legally insufficient for the reason that the augmented protest does not present to the collector a "justiciable issue." As our appeals court said in *Lamborn & Co., Inc.* v. *United States*, 27 CCPA 46, 49, C.A.D. 60, *Cert. denied*, 60 S. Ct. 115, 308 U.S. 589, 84 L. Ed. 493, "A protest is a statutory pleading, and under section 514 of the Tariff Act of 1930 the protest must be directed solely to decisions of the collector with respect to the matters set forth in said section." In the case at bar the protest, in any event, goes no further than to put the collector on notice of the pendency of a proceeding before his superiors affecting the classification of the involved merchandise and to counsel restraint on the part of the collector in the matter. Whatever may be the virtues of such an undertaking on the part of the plaintiff, it is clear to us that the course of inaction urged upon the collector by the so-called protest is in plain derogation of the statutory obligations and powers of the collector in protest proceedings. The instant protest, conferring no jurisdiction upon the collector to take any action respecting the classification of the involved merchandise, confers no jurisdiction upon this court to review the collector's classification of such merchandise.

For the reasons stated, defendant's motion is granted, and the protest is dismissed for insufficiency.

Judgment will be entered accordingly.